UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:18-CV-00010-LLK

MICHAEL J. POE                     PLAINTIFF

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security    DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. Plaintiff's memorandum in support of motion for summary judgment is at R. 11-2, and Defendant's responsive fact and law summary is at R. 16. The parties have consented to the jurisdiction of the undersigned magistrate judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [R. 9.] The matter is ripe for determination.

For the reasons below, the Court will REMAND this matter to the Commissioner for a new decision re-evaluating Plaintiff's residual functional capacity (RFC).

### The ALJ's RFC findings are unsupported by substantial evidence and do not accord with applicable legal standards.

Plaintiff is an army veteran who served in Iraq and Afghanistan. [Administrative Record (AR) at 1199-1200.] On July 21, 2014, the prior administrative law judge (ALJ) issued a decision, finding that Plaintiff's bipolar disorder and post-traumatic stress disorder (PTSD) result in non-disabling mental limitations and that Plaintiff is not disabled through the decision date. [Prior ALJ's decision, AR at 85-86.] The ALJ based her mental RFC findings on the testimony (at the administrative hearing) of Tom Wagner, Ph.D., which the ALJ found to be "fully persuasive." [AR, p. 90.] In support of her finding of non-disabling mental limitations, the ALJ recounted that Plaintiff "testified it is mainly his physical pain and problems which keep him from working" and that the most recent evidence indicates that his Veterans

1

Administration (VA) pain management specialist, R. Peterson, Ph.D., referred him for psychological evaluation but, according to VA psychologist K. Byers, Psy.D., Plaintiff cancelled appointments, did not return phone messages, and did not respond to a final letter. [AR, p. 89.]

Subsequently, VA psychologist Robert R. Jacobs, Ph.D., examined Plaintiff and diagnosed major depressive disorder (severe and recurrent). [AR at 741-44.] Based on Dr. Jacobs' findings, the VA increased Plaintiff's disability rating to 100 percent. [AR at 365, 934, 2013.] Plaintiff filed the present application for Social Security disability benefits, alleging that he became disabled on July 22, 2014, the day after the prior decision.

The present ALJ acknowledged that Plaintiff suffers from major depressive disorder (in addition to the PTSD found by the prior ALJ). [AR at 18]. Nevertheless, the ALJ adopted the prior ALJ's non-disabling mental RFC findings verbatim (implicitly finding that Plaintiff's major depressive disorder adds no limitation). [*Compare* mental RFC findings at AR 22 and 86.[1]] The ALJ adopted the prior findings -- not based on a fresh look at the evidence -- but on a conclusion that she was legally bound to the prior findings:

> I have further considered Acquiescence Ruling (AR) 98-4(6) (*Drummond v. Commissioner of Social Security* [126 F.3d 836 (6th Cir. 1997)). This ruling holds that where a final decision of the Social Security Administration, after a hearing on a prior disability claim, contains a finding of a claimant's residual functional capacity, the Social Security Administration may not make a different finding in adjudicating a subsequent disability claim with an unadjudicated period arising under the same title of the Act as the prior claim unless new and additional evidence or changed circumstances provide a basis for a different finding of the claimant's residual functional capacity. In this case, I have adopted the residual functional capacity form the prior claim in its entirety with additional [physical] limitations.

[AR at 22.]

---

[1] Specifically, the ALJ found that Plaintiff is: "… able to understand, remember, and carry out simple and occasionally detailed instructions; able to maintain concentration, persistence, or pace for simple and occasionally detailed tasks for periods of two hours; able to occasionally interact with supervisors and the public; able to adapt to an object-oriented setting in which changes are infrequent and gradually introduced; must avoid loud/confusing environments or safety risks; cannot perform fast-paced work." [AR at 22.]

The Sixth Circuit recently clarified that *Drummond* has become widely misunderstood – even in unpublished Sixth Circuit opinions – and that it was never intended to preclude an ALJ "from giving a fresh look to a new application containing new evidence … that covers a new period of alleged disability" or "from revisiting [an] earlier finding … unless [the claimant] offered new and material evidence of a changed condition." *Earley v. Comm'r of Soc. Sec.*, 893 F.3d 929, 931 (6th Cir. 2018) (calling into doubt *Lester v. Comm'r*, 596 F. App'x 387, 389 (6th Cir. 2015) and *Haun v. Comm'r*, 107 F. App'x 462, 464 (6th Cir. 2004)).[2] In light of Dr. Jacob's assessment [AR at 741-44], the ALJ erred in declining to find additional mental limitations.

Additionally, a remand is required because the ALJ's decision does not reflect consideration and evaluation of Dr. Jacob's assessment. 20 C.F.R. § 404.1527(c) requires that "[r]egardless of its source [e.g., the VA], we [i.e., the Social Security Administration] will evaluate every medical opinion we receive."[3]

**The ALJ did not err in discounting the VA disability rating itself.**

While the ALJ erred in not considering the medical opinions that formed the underlying basis of the VA disability rating of 100 percent, the ALJ did not err in discounting the rating itself. The ALJ properly found that the VA disability decision is not binding for Social Security disability purposes because different rules and standards apply. [ALJ's decision, AR at 25.] 20 C.F.R. § 404.1504 provides that "a determination

---

[2] Almost universally, courts interpreted *Drummond* as holding that administrative res judicata benefits claimants to prohibit ALJs from finding fewer restrictions absent new and material evidence supporting medical improvement. A split of authority emerged as to whether res judicata also benefits the government to prohibit ALJs from finding additional restrictions absent new and material evidence of medical deterioration. *Earley* clarified that courts had "overread" *Drummond*, which was based only on principles of res judicata "with an accent on the word 'principles'" and was never intended to create rigid rules based on medical improvement or deterioration. A subsequent ALJ should always determine a claimant's RFC based on a fresh look at the evidence. It just so happened that *Drummond* was that "black swan" case in which the fact that Drummond had previously been limited to sedentary work was "such an important and probative fact as to render the subsequent finding to the contrary unsupported by substantial evidence." *Earley*, 893 F.3d at 477 (quoting *Albright v. Comm'r*, 174 F.3d 473, 477-78 (4th Cir. 1999)).

[3] Also, the ALJ's decision does not reflect adequate consideration and evaluation of the evidence that underlay the VA's determination that Plaintiff is 40% disabled due to degenerative arthritis of the spine; 30% disabled due to flat foot condition; 30% disabled due to migraine headaches; 20% disabled due to paralysis of the sciatic nerve (times two); 10% disabled due to hiatal hernia; 10% disabled due to limited motion of the wrist; 10% disabled due to tinnitus; 10% disabled due to limited flexion of the knee (times two). [AR at 934, 2013.]

3

made by another agency that you are disabled or blind is not binding on us" because it is "based on its rules" rather than "social security law."  This does not mean, however, that medical evidence generated as part of the VA disability evaluation process may not be binding or may be ignored under the rubric of the non-binding nature of the decision itself.  *See Hicks v. Comm'r*, No. 1:15-cv-110, 2016 WL 490049, at *7 (S.D. Ohio Jan. 6, 2016) (holding that, although a VA disability rating is not binding, this does not provide an ALJ "carte blanche" to reject "the objective evidence cited in the [VA] Disability Decision"); *Golden v. Comm'r*, No. 3:14-CV-492, 2015 WL 8917876 (E.D. Tenn. Nov. 23, 2015) (remanding case for consideration of examining VA psychiatrist's opinion that formed the underlying basis for VA's increasing disability rating due to PTSD from 70 to 100 percent).[4]

**Order**

Therefore, Plaintiff's motion for summary judgment [R. 11] is GRANTED and this matter is REMANDED to the Commissioner for a new decision re-evaluating Plaintiff's residual functional capacity (RFC) and for any further proceedings deemed necessary and appropriate by the Commissioner.

January 28, 2019

Lanny King, Magistrate Judge
United States District Court

---

[4] The case law anticipates the amendments to 20 C.F.R. § 404.1504, which apply to claims filed on or after March 27, 2017 (and, therefore, do not apply in this case).  The amended version of the regulation continues to uphold the principle that a disability determination of another agency "is not binding on us" and adds that "we will not provide any analysis in our determination" regarding the other agency determination. "However, we will consider all of the supporting evidence underlying [the other agency determination] that we receive as evidence in your claim in accordance with § 404.1513(a)(1) through (4)."  20 C.F.R. § 404.1504.